FRENCH et al. v. CUNNINGHAM. *

(Circuit Court of Appeals, Eighth Circuit. December 24, 1919.)

No. 5324.

BANKRUPTCY ⊚⟶303(3)—EVIDENCE SUFFICIENT TO SHOW CONVEYANCE IN FRAUD OF CREDITORS.

Evidence regarding the circumstances under which a bankrupt had conveyed sanitarium property for an ostensible consideration of ranch property, which, however, the bankrupt really owned, but had placed in the name of an agent, etc., *held* to sustain findings that the transfer was made for the purpose of hindering and delaying creditors, so as to authorize setting aside the transfer, under Bankruptcy Act July 1, 1898, § 70c (Comp. St. § 9654).

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by W. L. Cunningham, trustee in bankruptcy, against C. D. French and others. Decree for plaintiff, and defendants appeal. Affirmed.

George A. Neal, of Kansas City, Mo., for appellants.

E. J. Geittman, of Kansas City, Mo. (Charles S. Briggs, of Topeka, Kan., and S. J. McCulloch, of Kansas City, Mo., on the brief), for appellee.

Before HOOK and STONE, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This is a suit by Cunningham, as trustee in bankruptcy of Dr. Orrin Robertson, to set aside a transfer of real property under section 70e of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. § 9654]). The transfer was made to French more than two years prior to the filing of the petition in bankruptcy. It can therefore be assailed only·on the ground that it was made for the purpose of hindering, delaying, and defrauding creditors. Under the Bankruptcy Act the trustee may assert every right as against a transfer which a creditor might have asserted, and the chief question in the case is whether the transfer was fraudulent or made in good faith.

If we tear away the staging of fraud made by transfers to the dummies of Robertson and one Goodwin, who had been for years Robertson's agent, for concealing from his creditors the large earnings of a sanitarium operated by Robertson at Arkansas City, Kan., the case really comes to this: Robertson, through Goodwin, placed $5,000 in the hands of French, with which to purchase a ranch in New Mexico. As part of the scheme of deception, and possibly for the purpose of having the sanitarium property further safeguarded by a mortgage, a mortgage was given to Goodwin for the $5,000 by an agent of Robertson and Goodwin, in whose name the legal title to the property then stood. The $5,000, however, was Robertson's money. French used

this money in acquiring the ranch, and had the title placed in a secret agent of Robertson's. On the same date the agent holding the title to the sanitarium property conveyed it to French, and French swears that that conveyance was in consideration for the transfer of the ranch. The fraud is clearly established. The ranch was purchased with Robertson's money, and belonged to Robertson all the time; so the placing of the title of it in the name of covert agents of Robertson could not make French a purchaser of the sanitarium in any other capacity than that of an agent for Robertson. His taking title to the property was only another shift to place it beyond the reach of Robertson's creditors. French's testimony on the subject of the transaction of the $5,000 is sinuous and evasive. When the transaction is considered in the light of the previous shifting about of the sanitarium property, the record establishes fraud in the most convincing manner.

The evidence is plenary in quantity and convincing in quality that Goodwin had been for years receiving, in clandestine ways, the large earnings which had been coming to Robertson from the sanitarium. The fabulous rent of $625 a month, paid promptly from month to month to Goodwin, and after him to French, was simply one of the subterranean conduits through which Robertson was concealing money from his creditors.

The case was made dark and confusing at the argument by the number of person concerned in Robertson's fraud, and the numerous transfers and shifts of the sanitarium property. The only way to understand the matter is, first, get a clear grip on the fact that all these transfers were by and to dummies of Robertson and Goodwin, and sweep these dummies out of the way, and get back to the principals, who were the real parties behind the scenes. These were Robertson and Goodwin, and afterwards French came in simply to help out these two prime movers by one more dodge of the property.

There are some assignments of error on amendments of pleadings and rulings on evidence, but these are not of sufficient merit to require discussion. As to the evidence, the rulings were proper in the trial before a chancellor investigating a question of fraud, and the amendment of the bill was amply justified for the purpose of conforming it to the proof.

The decree is affirmed.